UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDON HOLUB, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 13 C 2008 |
| LIVE NATION ENTERTAINMENT, INC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Live Nation Entertainment, Inc. ("Live Nation") to dismiss the putative class action brought by Plaintiff Brendon Holub ("Holub") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted.[1]

BACKGROUND

The following well-pleaded allegations are derived from Holub's complaint, and the Court accepts them as true and draws all reasonable inferences in Holub's favor for the purposes of the instant motion. Holub is a citizen of Arizona and a

---

[1] Live Nation only refers to Rule 12(b)(6) in its motion, memorandum in support thereof and reply memorandum; however, Live Nation challenges Holub's standing, and the Court evaluates this challenge as relating to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *See Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011) ("standing is a jurisdictional requirement, derived from the case-or-controversy language of Article III [of the United States Constitution]").

resident of Chicago, Illinois. He purchased three tickets from Live Nation to separate events—two in Chicago and one in Phoenix, Arizona between October 2010 and January 2011. Live Nation is a California corporation that promotes concerts and other events. It also manages artists in the entertainment industry. In 2010, Live Nation merged with Ticketmaster, a company which sold tickets to consumers for various types of events. As a consequence of this merger, Live Nation now controls approximately eighty percent of the market for ticket sales to consumers.

Live Nation charges customers for tickets based on the "add-on" pricing model. Under this model, for example, a ticket would be sold with an initial, up front price of $80. An additional $10 would be charged for shipping and handling, and another $10 would be charged as a parking fee. Hence, the total price of the ticket would equal $100. There is an alternative pricing model: the "all in" model. Under this model, the consumer would be charged the $100 up front; that is, the $10 shipping and handling and $10 parking fees would be included in the price when it is initially presented to the consumer.

On March 14, 2013, Holub filed the instant putative class action on behalf of himself and all other similarly situated plaintiffs against Live Nation. The two count complaint alleges that Live Nation violated the Sherman Act, 15 U.S.C. § 2 (Count I) and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (Count II). Holub seeks actual and treble damages, attorneys' fees and injunctive relief on behalf of himself and the putative class. On May 24, 2013, Live Nation

moved to dismiss the putative class action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

## LEGAL STANDARD

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds*, 694 F.3d at 878. The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

DISCUSSION

Live Nation contends that Holub lacks standing to bring the instant action pursuant to Article III of the United States Constitution and the UCL since he was not, according to Live Nation, injured. Article III limits the jurisdiction of federal courts to claims presenting a case or controversy between the plaintiff or defendant. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). For a plaintiff to establish Article III standing, he must demonstrate: (i) an actual or imminent injury in fact which is an invasion of a protected legal interest; (ii) a causal relationship between the injury and the defendant's conduct; and (iii) a likelihood of redressability as a result of the court's decision. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In the instant case, Holub complains that he was charged "add-on fees" instead of having been required to pay an "all in" price for the tickets that he purchased. His complaint defines the "all in" price as "the total retail price." Hence, he would have paid the same amount either way but at a different time; that is, in lieu of paying a portion of the price and then paying the remainder at a later time, Holub would have paid the entire price at once. The complaint does not specify what fees were added on, and Holub does not allege that the overall price of the tickets increased. For instance, in the Court's example illustrating the difference between the two methods, Holub would pay $80 up front followed by $20 versus paying $100 up front for a ticket. The end result would be the same, however: a payment of $100. The Court is

perplexed as to how Holub can claim a loss of money or property based on the facts that he has set forth, which show that the overall price that Holub paid would have been the same. This claim appears to be a threadbare recital of the elements of a claim under the UCL, which is insufficient for pleading purposes. *See Iqbal*, 556 U.S. at 678. *See also Gerlinger v. Amazon.com, Inc.*, 526 F.3d 1253, 1256 (9th Cir. 2008) (dismissing antitrust claim for lack of Article III standing where plaintiff failed to show that he had paid a higher price as a result of defendant's purported misconduct). Holub does not allege that he was deceived into purchasing the tickets by the use of the "add-on" model versus the "all in" model, so he cannot claim injury due to fraud on Live Nation's part.

Holub's claim that Live Nation is a monopolist is unrelated to his objection to the way in which Live Nation presents its ticket prices. Holub has not shown how a lack of competition in the ticket selling market bears upon the manner in which prices are presented to consumers, and the Court cannot logically discern one. As such, finding that Live Nation is a monopolist would not in and of itself redress Holub's grievance regarding the manner of presentation of Live Nation's ticket prices.

In his response to the instant motion, Holub argues that the ticket pricing issue is merely an example of how Live Nation is a monopolist, which, he contends, is his underlying claim. Holub also accuses Live Nation of engaging in predatory pricing. He additionally appears to challenge the 2010 merger between Live Nation and Ticketmaster, and he offers arguments related to Jam Productions, a competitor of

Live Nation. These claims do not reflect the complaint that Holub filed, which focused on the way in which Live Nation presents ticket prices. As this Court recently observed, the complaint controls when deciding a motion to dismiss, and the plaintiff cannot implicitly amend it in his response. *See Jones v. Chi. Bd. of Educ.*, No. 11 C 8326, 2013 U.S. Dist. LEXIS 51321, at *6 (N.D. Ill. Apr. 10, 2013).

## CONCLUSION

For the foregoing reasons, Live Nation's motion to dismiss pursuant to Rule 12(b)(1) is granted. The Court need not address Live Nation's arguments with respect to Rule 12(b)(6).

_____
Charles P. Kocoras
United States District Judge

Dated: September 18, 2013